OPINION of the Court, by
Judge Boyle.
Clay being entitled to a land office treasury warrant, trans-rnltted h by his friend to this country, and had it deposited with Charles Smith, to locate. Smith, before he had located the warrant, having occasion to go to the eastern Dart: of Virginia, left it, together with others of his own, in the hands of his father.
During nis absence, Lewis Craig got possession of tjle warTflnt and without Smith’s knowledge or consent, and without any authority from Clay, assigned it in the name of Clay, to James Renfro, who was privy to, and bad knowledge of the assignment being fraudulent and unauthorised. By virtue of this warrant, Renfro made two entries, one for 500 acres, and the other for 681, anc^ bad the same surveyed and patented in his owa name. Joseph Anderson, Charles Patterson, Jesse Vawter, James Underwood, Robert 'Holloway, Jere-m'ah West, Tabitha Underwood and Gideon Underwood, hold under Refro, either mediately or immediately, and are purchasers for a valuable consideration, without notice of the fraud through which Renfro de- .... o - rived his grant ; none or these persons, except Joseph Anderson, Charles Holloway and Jesse Vawter, had at time tbe institution of this suit a legal title conveyed to them.
l. r.’s. and the purchafer*
s. being guiity 01 n“ nfegll7 ¡s not refp0n4-ble to C,
,-ers the legal title with, hoidagainftc'1
Thofe who had not obtain, tice, mua be poftponed in e-w.,ty t0. c — Accord, Curre™ and Ca. vs
r. whorecei. vetl the forged p®dgn⅛* obtained thereby, made first Óafe°of his ⅛"1 biiuy to resp°nd ⅛ dama-abje,
Clay filed his bill against Smith, Craig, Renfro and the purchasers under Renfro, and sought for a recovery of a moiety of the land, if to be had, if not, its value in money. The circuit court dismissed the bill as to Smith, and the purchasers from Renfro, and sustained it against Craig and Renfro’s heirs and representatives, for the value of one half of the land. _ _
To this decree Clay has prosecuted-this, writ of ror. The errors assigned resolve themselves into two general propositions : 1st. that Clav is entitled to recover from the purchasers under Kenrro a moiety of the land, and, 2dly, supposing Clay not entitled to a moiety of the lan R compensation in money against Smith, as well as Craig and Renfro’s heirs, ought to have been decreed. To support the first proposition, it has been contended that the purchasers had notice of the fraud in the derivation of their title. There is not in the cause any thing that can warrant the assertion of this fact. The defendants positively deny the charge, and there is not a shadow of evidence to prove it. From any thing that appears in the cause the institution of the suit is the first notice the purchasers had of Clay’s claim to the land. At that period some of them were vested with the legal title, others not; as to those in whom the legal title was vested being innocent purchasers, their equity is equal to that. of the complainant, and their legal tide must prevail. Those however, who had not conveyances of the legal title stand upon very different ground. They have to be sure equity as well as Clay, but in cases of conflicting equities, the maxim is, that precedency in time gives the advantage in right; against them for their respective proportions, so far at least as is necessary to satisfy his claim to a moiety of the land patented to Renfro, Clay must prevail. The decree of the circuit court is therefore erroneous in decreeing for th m against the complainant.
As to Smith’s liability to make compensation to Clay, in cnse an entire moiety of the land should not he obtained, no specific ground has been taken to support it. As a bailee having a common interest with the bailor,, in the warrant, he was bound to only ordinary care ; a want of such care cannot be properly imputed to him. The warrant was taken without his knowledge or con-seat, and in the fraudulent act of assigning it, he appears. *524 in no manner to have participated. As to him therefore, the bill seems to have been properly dismissed.
The decree delivered by the Chief Justice, Bibb, is as follows:
It is therefore decreed and ordered, that the said decree of the circuit court, as against said Craig and the heirs of said Renfro, and those persons deriving an equitable claim under said Renfro, be reversed, and it is hereby set aside, and the cause is remanded to the said circuit court, that an estimate may be made of the averaged value of the lands obtained by the two entries respectively in the bill alluded to ; that an account may also be taken of the quantity and value of the land conveyed to the purchasers bona fide and withouut notice in the aforegoing opinion mentioned ; and if it shall appear that the complainant can have a decree in specie for one equal moiety of the lands aforesaid, paying just regard to quantity and quality, then that the said complainant have a decree therefor in specie, by proper metes and bounds, but if it shall appear that the complainant cannot have one equal moiety as aforesaid, by reason that the legal title has been conveyed to bona fide purchasers without notice of the complainant’s claim, then that the deficit be decreed in money against the said Renfro’s heirs and representatives respectively, if so much they have by descent to satisfy the deficit, if nos then against the said Craig, together with the costs of suit, to be decreed the complainant.
And as to the decree for dismissing the bill as against said Smith, and the said Joseph Anderson, Charlea Holloway and Jesse Vawter, it is decreed and ordered, that the said decree of the circuit court be affirmed.